IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Lashawn Alexander Alford, | ) | Case No.: 9:24-00914-JD-MHC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| W. Glenn Campbell Detention Center, | ) | |
| Allison Days, and Lionel Martin, | ) | |
| | ) | |
| Defendants. | ) | |

    This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Molly H. Cherry, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] (DE 9.) Plaintiff Lawshawn Alexander Alford ("Plaintiff" or "Alford"), proceeding *pro se*, filed a Complaint pursuant to 42 U.S.C. § 1983 alleging Defendants W. Glenn Campbell Detention Center ("WGCDC"); Allison Days, a Captain at WGCDC; and Lionel Martin, a detainee at WGCDC (collectively "Defendants") violated his rights afforded under the Eighth, Fourteenth, and other Amendments while he was detained at WGCDC. (DE 1.)

    By Order dated April 5, 2024, Plaintiff was given an opportunity to provide the necessary information and paperwork to bring his case into proper form for evaluation and possible service of process. (DE 4.) Plaintiff was also notified of pleading deficiencies and given the opportunity to amend his complaint. (*Id.*). The Proper Form Order was mailed to WGCDC, but it was returned

---

[1]     The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

as undeliverable on April 12, 2024. (DE 5 and DE 7.) The envelope states: Individual is no longer at this facility. We have no current forwarding address on file. (DE 7.) On May 10, 2024, the proper form order was remailed to Plaintiff at the "home address" he provided in a letter filed with his Complaint. (*See* DE 1-1 and DE 8.) Plaintiff did not respond, nor has the proper form order that was mailed to his home address been returned to the Court.

The Report was issued on June 17, 2024, recommending that this action be dismissed without prejudice, in accordance with Rule 41 of the Federal Rules of Civil Procedure.[2] (DE 9.) Plaintiff did not file an objection to the Report. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no clear error on the face of the record. Thus, the Court adopts the Report (DE 9) and incorporates it herein by reference.

It is, therefore, **ORDERED** that Plaintiff's Complaint is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
August 20, 2024

---

[2] The Report was mailed to WGCDC and to the aforementioned "home address." (DE 10 and DE 11.) The Report was returned as undeliverable from WGCDC. (*See* DE 12.)

**NOTICE OF RIGHT TO APPEAL**

Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from this date, under Rules 3 and 4 of the Federal Rules of Appellate Procedure.